**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

HAROLD L. CRAIG                                                                                             PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:09-CV-187-H

O'CHARLEY'S RESTAURANT PROPERTIES, LLC                   DEFENDANT

**OPINION AND ORDER**

This personal-injury/business-premises liability action is before the court on the plaintiff's motion to compel written discovery, namely, three interrogatories and four requests for production of documents.

The defendant's first objection is that the motion is dilatory. This general objection is **OVERRULED**, as the motion falls within the discovery deadline, May 1, 2010.

Second, the defendant objects to providing an accident report and employee-witness statements on the ground that these documents were prepared in anticipation of litigation and are, thus, not discoverable, attorney work-product. FED. R. CIV. P. 26(b)(3). The defendant argues this slip and fall incident was clearly on track toward a lawsuit immediately after the incident. An ambulance transported the plaintiff's decedent (an elderly woman who died apparently of other causes) to the hospital. Her daughters photographed the scene two days later.

The magistrate judge concludes, however, that the defendant has failed to carry its burden that the statements and report were prepared "because of" the prospect of litigation. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (stating the test to determine whether a document was prepared "because of" the prospect of litigation is if a party subjectively anticipates litigation, as contrasted with an ordinary business purpose, and if the

anticipation was objectively reasonable); *United States v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006); *see also in re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (stating the work-product doctrine is a federal, procedural rule of law applicable in a diversity case).

Store manager James Lasley testified that the insurance company, through the home office, usually requests accident reports, statements, and photographs, but on this occasion he could not recall why he asked two employees to write their version of events, whether it was because he was not in the store that day or the type of injury involved. (Lasley Dep. at 34-35.) Although the magistrate respects the defendant's argument that the prospect of litigation was clear to all and caused the creation of these documents, the proof itself falls short of the hurdle articulated at length in *Guardsmark, Inc. v. Blue Cross*, 206 F.R.D. 202, 206-07 (W.D.Tenn. 2002). The proof must be specific and detailed, *Biegas*, 573 F.3d at 381-82. Lasley's testimony merely showed that other documents, like the statements at issue, were related to insurance claims or generated at the request of the corporate office. Lasley generated the employee statements not for these, but other reasons he cannot recall. Moreover, the overriding concern of the work-product doctrine is to protect an attorney's ability to assemble information, prepare legal theories and plan strategy without undue and needless interference. *Hickman v. Taylor*, 239 U.S. 495, 410 (1947). The work-product doctrine does not protect facts contained within the work product. *Guardsmark, Inc.*, 206 F.R.D. at 207. It is not clear how the report or the employee-statements reveal or implicate any attorney's or representative's impressions or litigation-specific strategy. Accordingly, the work-product objection is **OVERRULED**. (First Set, Int. 11, Req. 3 and 7.)

The defendant also objects to providing "national discovery" of other incidents to show,

-2-

according to the plaintiff, the dangerousness of an interior stairway without proper handrails. The defendant has answered that there have been no other accidents on this particular set of risers (a three-step riser) where the plaintiff's decedent fell. The magistrate judge respectfully concludes the defendant's response is far too limited, *see Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (1989) (stating that 'substantially similar' means that the accidents must have occurred under similar circumstances or share the same cause"). Therefore, the relevance objection is **OVERRULED**. The plaintiff is entitled to discover prior accidents on interior stairs or risers which were not equipped with handrails in any O'Charley's restaurant of comparable design. With this limitation, the defendant should provide the requested written discovery. (Second Set, Int. 3 and 4, Req. 1 and 2.)

**IT IS HEREBY ORDERED** that the motion to compel is **GRANTED**. (Dkt. 29). The defendant shall provide the requested written discovery (First Set, Int. 11, Req. 3 and 7) no later than **March 9, 2010** and the remaining written discovery no later than **30 days** from the date of this order.

DATE: February 25, 2010

**James D. Moyer**
**United States Magistrate Judge**

Copies to: Counsel of Record